JUDGE NATHAN

PREET BHARARA
United States Attorney for the
Southern District of New York
By: CHRISTINE L. MAGDO
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2297



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :

              - v. -              :

$36,752.00 IN UNITED STATES       :
CURRENCY,
              Defendant-in-rem.   :
----------------------------------X

13 CIV 3240

VERIFIED COMPLAINT

Plaintiff United States of America, by its attorney,

PREET BHARARA, United States Attorney for the Southern District

of New York, for its verified complaint alleges, upon information

and belief, as follows:

## I. NATURE OF THE ACTION

1.    This action is brought by the United States of

America pursuant to 21 U.S.C. § 881(a)(6), seeking the forfeiture

of $36,752.00 in United States currency (the "Defendant-in-rem"),

on the ground that the Defendant-in-rem constitutes moneys

furnished or intended to be furnished in exchange for a

controlled substance, proceeds traceable to such an exchange,

and/or moneys used or intended to be used to facilitate such an

exchange.

## II. JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.     Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York and because the Defendant-in-rem was found and seized in the Southern District of New York.

4.     The Defendant-in-rem is currently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5.     An investigation regarding moneys furnished or intended to be furnished in exchange for a controlled substance was conducted by officers of the City of White Plains Police Department ("WPPD"), agents of the United States Drug Enforcement Administration (the "DEA") and other law enforcement agencies. The information set forth in paragraphs six through twelve, below, is based on this investigation.

6.     On or about October 19, 2012, November 9, 2012 and November 14, 2012, officers of the WPPD established visual surveillance on Ricky J. Towns ("Towns") and observed him leaving his residence in White Plains, New York (the "Towns' Apartment") to sell Phencyclidine (PCP), a controlled substance, to a confidential informant ("CI").

7.     On or about November 15, 2013, the WPPD obtained a

search warrant (the "Search Warrant"), authorizing them to search Towns' Apartment, Towns, and any persons located in Towns' Apartment. Towns was the only person known to reside in Towns' Apartment.

8.      On or about November 16, 2012, members of the WPPD observed Towns leave Towns' Apartment and enter the elevator of the same building. WPPD officers then entered the lobby of the building in which Towns was exiting the elevator alone. Towns had a strong odor of a chemical type substance, believed to be PCP, emanating from his clothing. WPPD officers conducted a search of Towns and seized six bags of PCP and one hand rolled cigar containing PCP. The aggregate weight of the alleged PCP that Towns possessed on his person was 7 grams. At this time, Towns was placed under arrest.

9.      Thereafter, WPPD officers entered Towns' Apartment pursuant to the Search Warrant. A police canine arrived at the scene and indicated the presence of a narcotic odor on several areas in the apartment. As a result, WPPD officers located and seized two glass jars of PCP with an aggregate weight of 21.385 ounces, one bag of alleged PCP with an aggregate weight of 400 milligrams, two marijuana plants with an aggregate weight of 1.5 pounds, and the Defendant-in-rem.

10.     Towns was charged in Westchester County Court by a four count criminal Indictment, #13-0235, for criminal possession of a controlled substance. A copy of the Indictment is attached

hereto as Exhibit A.

11.     On or about December 28, 2012, the Defendant-in-rem was adopted and transported to the DEA for processing.

12.     Subsequently, the DEA began its administrative forfeiture proceedings against the Defendant-in-rem.

13.     Thereafter, Towns submitted a claim for the Defendant-in-rem with the DEA, wherein he stated he is the owner of the Defendant-in-rem, and that the Defendant-in-rem was obtained through legal and legitimate sources.

IV.  <u>FIRST CLAIM FOR FORFEITURE</u>

14.     The allegations contained in paragraphs one through thirteen of the Complaint are incorporated herein.

15.     Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

16.     The Defendant-in-rem is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

17.  By reason of the above, the Defendant-in-rem became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-in-rem and that all persons having an interest in the Defendant-in-rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-in-rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       May 9, 2013

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By:  *Christine Magdo*

CHRISTINE I. MAGDO
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2297

<u>VERIFICATION</u>

STATE OF NEW YORK         )
COUNTY OF NEW YORK       :
SOUTHERN DISTRICT OF NEW YORK )

      JOHN HEFFNER, being duly sworn, deposes and says that he is a special agent with the Drug Enforcement Administration, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

      The sources of deponent's information and the grounds of his belief are official records and files of the Drug Enforcement Administration and the United States, and discussions with and documents prepared by other law enforcement officers.

_____
JOHN HEFFNER

Sworn to before me this
10th day of May, 2013

_____
NOTARY PUBLIC

STEPHEN M SMITH
NOTARY PUBLIC STATE OF NEW YORK
PUTNAM COUNTY
LIC. #02SM6162509
COMM EXP. 5/2/15

# Exhibit
# A

CC/cc

COUNTY COURT
STATE OF NEW YORK : WESTCHESTER COUNTY
THE PEOPLE OF THE STATE OF NEW YORK

       -against-               **INDICTMENT NO.**
                                **13-0235**

Ricky Towns

                         Defendant(s)

**COUNT 1**                       **PL220.09.11 / CF4 WP**

    THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses Ricky Towns of the crime of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEGREE, committed as follows:

    The defendant, in the County of Westchester and State of New York, on or about November 16, 2012, did knowingly and unlawfully possess phencyclidine and said phencyclidine weighed two hundred fifty milligrams or more.

**COUNT 2**                                          **PL220.06.01 / DF5 WP**

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses Ricky Towns of the crime of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIFTH DEGREE, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about November 16, 2012, did knowingly and unlawfully possess a controlled substance, to wit: phencyclidine, with intent to sell it.

**COUNT 3**                                          **PL220.03.00 / AM7 WP**

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses Ricky Towns of the crime of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE, committed as follows:

The defendant(s), in the County of Westchester and State of New York, on or about November 16, 2012, did knowingly and unlawfully possess a controlled substance, to wit: phencyclidine.

**COUNT 4**                                              **PL220.03.00 / AM7 WP**

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment,

accuses Ricky Towns of the crime of CRIMINAL POSSESSION OF A CONTROLLED

SUBSTANCE IN THE SEVENTH DEGREE, committed as follows:

The defendant(s), in the County of Westchester and State of New York, on or about

November 16, 2012, did knowingly and unlawfully possess a controlled substance, to wit:

phencyclidine.

All contrary to the form of the statute in such case made and provided and against the

peace and dignity of the People of the State of New York.

_____ /s/ JANET DiFIORE _____

District Attorney of Westchester County

## DISTRICT ATTORNEY'S DEMAND FOR DISCOVERY AND INSPECTION

PLEASE TAKE NOTICE, that pursuant to the provisions of Article 240 of the Criminal Procedure Law, the District Attorney hereby demands that the defendant disclose and make available for inspection, photographing, copying or testing any and all written reports and documents, or portions thereof, concerning all physical and mental examinations, and scientific tests, experiments and comparisons, made by or at the request or direction of the defendant, if the said defendant intends to introduce such reports or documents at trial, or if the said defendant has filed or will file a notice of intent to proffer psychiatric evidence and such reports or documents relate thereto, or if such reports or documents were made by a person, other than the defendant, whom the defendant intends to call as a witness at trial.

IT IS FURTHER DEMANDED,  that the defendant disclose and make available for inspection, photographing, copying or testing any and all photographs, drawings, tapes, or other electronic recordings which the defendant intends to introduce at trial.

IT IS FURTHER DEMANDED, that compliance with the requests for discovery and inspection contained in this "DEMAND FOR DISCOVERY AND INSPECTION" take place within fifteen (15) days of the arraignment herein, at a place to be mutually agreed upon by the District Attorney and counsel for the defendant.

## DISTRICT ATTORNEY'S DEMAND FOR BILL OF PARTICULARS

PLEASE TAKE NOTICE, that if the defendant herein intends to offer, for any purpose whatsoever, testimony which may tend to establish presence elsewhere than at the scene of the crime at the time of its commission, you are hereby required within eight (8) days after the service of this demand upon you, to server upon me, the undersigned, District Attorney of the County of Westchester, and file a Bill of Particulars which shall set forth in detail the place or places where the defendant claims to have been, together with the names, residential addresses and place of employment and addresses thereof of the witnesses upon whom defendant intends to rely to establish defendant's presence elsewhere than at the scene of the crime at the time of its commission,

Unless you serve and file such Bill of Particulars, in the event that such testimony is sought to be interposed by you upon the trial for any purpose whatever, or in the event that a witness not mentioned in such Bill of Particulars is called by you to give such testimony, a motion will be made to exclude the testimony of such witness.

The District Attorney will furnish you with the name and address of any alibi-rebuttal witness(es) intended to be called by the People to testify.

Very truly yours,

*Janet DiFiore*

JANET DiFIORE
District Attorney
of Westchester County
111 Dr. Martin Luther King Jr.Blvd.
White Plains, New York 10601
(914) 995-3481

Indictment # 13-0235

## WESTCHESTER COUNTY
### COUNTY COURT

### THE PEOPLE OF THE
### STATE OF NEW YORK

against

### RICKY TOWNS
Defendant(s)

/s/ Janet DiFiore
District Attorney

### A TRUE BILL
with
NOTICE(S)
The below signature directs the District Attorney to file this Instrument with the Impanelling Court

/s/ Donald Bloom
Foreperson of Grand Jury

/s/ Nicole Bunting
Acting Foreperson of Grand Jury

Charges:
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEGREE;
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIFTH DEGREE;
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE;
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE.