UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

           Plaintiff,

    -    against    -

$36,752.00 IN UNITED STATES
CURRENCY,

           Defendant-in-rem.
------------------------------------------------------------x

13 Civ.3240 (AJN)

STATEMENT PURSUANT TO RULE G OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS

**RICKY J. TOWNS**, being duly sworn, deposes and says:

1. I am the Claimant in this matter and submit this Statement Pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. I have an ownership and/or possessory interest in the $36,752 in U.S. currency ("the property") seized on or about November 16, 2012 from my apartment by members of the White Plains (NY) Police Department (WPPD).

3. According to the complaint in this case ("the complaint"), after seizure, the property was turned over for forfeiture proceedings to the Drug Enforcement Administration ("DEA") on December 28, 2012. (Complaint ¶ 11).

4. The property should be returned to me because it was not and is not subject to seizure or forfeiture pursuant to 18 U.S.C. § 881(a)(6), as alleged in the complaint. The property is the proceeds of lawful activity and is not the proceeds of any illegal activity, and I did not use or intend to use the property to facilitate any illegal activity.

5. The complaint recites the boilerplate statutory language that the property was "furnished or intended to be furnished in exchange for a controlled substance," but fails to provide factual support for this allegation. The complaint alleges that, on three occasions in October and November 2012, the WPPD observed me "leaving [my] residence . . . to sell" PCP. (Complaint ¶ 6)

6. The complaint fails to allege that I actually sold drugs at any time and does not allege that I was observed actually *selling* PCP on any of these three occasions. It is unclear what the WPPD believes someone who is *going* to sell PCP looks like, or why they believe that I fit that image. I can only assume that it is something more than the fact that I am a dark-skinned African-American male who wears dreadlocks and loose clothing.

7. Yet, somehow, on the basis of these flimsy allegations, on November 15, 2012, the WPPD was able to secure a warrant to search my apartment. (Complaint ¶ 7). Strangely, however, the WPPD did not execute that warrant immediately. Instead, the next day, on November 16, 2012, officers of the WPPD again observed me leaving my apartment. This time – although they do not even claim that I was *going* somewhere to sell drugs – they entered the lobby and arrested me. They claim that I *possessed* PCP, which is untrue. But more important, they do not claim that I was selling drugs, traveling to sell drugs or even had any funds on my person, let alone the proceeds of drug sales. (Complaint ¶ 8). The arrest was for alleged *possession*, not sale.

8.  The WPPD waited until *after* I was taken to the police station to execute the search warrant at my apartment.  Again, there is no claim that any evidence of *sale* or attempted sale was found during the execution of the warrant.  (Complaint ¶ 9).

9.  I imagine that it is this complete lack of evidence of anything relating to any sale that resulted in what the complaint terms "a four count Indictment" in Westchester County Court "for criminal *possession* of a controlled substance." (Complaint ¶ 10) (emphasis added).

10.  The Indictment, which is attached to the complaint as Exhibit "A," includes the following four charges: (1) Criminal *Possession* of a Controlled Substance in the Fourth Degree (N.Y.P.L. § 220.09.11); (2) Criminal *Possession* of a Controlled Substance in the Fifth Degree (N.Y.P.L. § 220.06.01); Criminal *Possession* of a Controlled Substance in the Seventh Degree (N.Y.P.L. § 220.03.00), and (4) Criminal *Possession* of a Controlled Substance in the Seventh Degree (N.Y.P.L. § 220.03.00).

11.  Incredibly, not only is every charge – including the top count – for possession only, but *Counts 3 and 4 are identical*!  Clearly, the complaint's characterization of this as a "four count criminal Indictment" is ludicrous.

12.  There is no explanation in the complaint, let alone an actual theory, for how the funds seized from my apartment are related to the only charges against me – *Possession* of PCP.

13.  Given the criminal charges and the amount of funds seized, any

forfeiture would be grossly disproportionate to alleged illicit activity and would be barred under the Excessive Fines Clause of the Eighth Amendment to the Constitution.

14. This statement and claim is made is good faith and is not frivolous.

15. This statement and claim has been made within the time prescribed by law.

**WHEREFORE**, I, Ricky J. Towns, hereby demand the immediate return of my property and/or its release from seizure and the lifting of all restraints on my property.

*[signature]*
**RICKY J. TOWNS**

Sworn to before me this
14 day of June, 2013

*[signature]*
Notary Public

STEVEN L. KESSLER
Notary Public, State of New York
No. 03-4688840
Qualified in Westchester County
Commission Expires February 28, 2014

4

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

      I, **RICKY J. TOWNS**, declare under penalty of perjury that the statements set forth in the attached Statement are true and correct to the best of my knowledge, information and belief.

*/s/ Ricky J. Towns*
**RICKY J. TOWNS**

Sworn to before me this
14 day of June, 2013

*/s/ Steven L. Kessler*
Notary Public

STEVEN L. KESSLER
Notary Public, State of New York
No. 03-4688840
Qualified in Westchester County
Commission Expires February 28, 2014

5