UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

UNITED STATES OF AMERICA,

                    Plaintiff,

        -     against     -

$36,752.00 IN UNITED STATES
CURRENCY,

                    Defendant-in-rem.

————————————————————————x

13 Civ.3240 (AJN)

**VERIFIED ANSWER AND
COUNTERCLAIM**

**TO THE HONORABLE COURT:**

        Claimant Ricky J. Towns ("Claimant"), by his attorney, Steven L. Kessler, Esq., as and for his Verified Answer to the Verified Complaint in Rem dated May 9, 2013 ("the complaint"), respectfully alleges as follows:

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "1".

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "2".

        3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "3".

        4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "4".

        5.    Denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in the paragraph numbered "5".

      6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "6".

      7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "7".

      8.      With respect to the allegations set forth in the paragraph numbered "8", denies that he had "a strong odor of any chemical type substance . . . emanating from his clothing," denies that any bags of PCP were seized from him, admits that a cigar was taken from his person, admits that he was placed under arrest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "8".

      9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "9".

      10.      With respect to the allegations set forth in the paragraph numbered "10", admits that an indictment was handed down in Westchester County, and refers to the copy of the indictment for the substance thereof.

      11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "11".

      12.      Denies knowledge or information sufficient to form a belief as

2

to the truth of the allegations set forth in the paragraph numbered "12".

13.     Admits the truth of the allegations set forth in paragraph numbered "13".

14.     Repeats and realleges the responses previously made with respect to the allegations set forth in paragraphs "1" through "13" as if fully set forth herein.

15.     With respect to the allegations set forth in the paragraph numbered "15", refers all legal questions to the Court, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "15".

16.     With respect to the allegations set forth in the paragraph numbered "16", refers all legal questions to the Court, denies that the defendant-in-rem is subject to forfeiture, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "16".

17.     With respect to the allegations set forth in the paragraph numbered "17", refers all legal questions to the Court, denies that the defendant-in-rem is subject to forfeiture, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the

paragraph numbered "17".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     The Court lacks subject matter jurisdiction over the defendant property.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19 .    The complaint fails to state a claim against Claimant's property upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     Claimant's property is the proceeds of lawful activity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Claimant's property was intended to be used for a lawful purpose.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     The complaint recites the boilerplate statutory language that the

property was "furnished or intended to be furnished in exchange for a controlled substance," but fails to provide factual support for this allegation or for the allegation that Claimant actually sold drugs at any time. This complete lack of evidence of anything relating to any narcotics sale resulted in what the complaint terms "a four count Indictment" in Westchester County Court. But, although the indictment is attached to the complaint, the plaintiff fails to inform the Court that there is no allegation in the indictment for anything other than criminal *possession* of a controlled substance.

23.     Further, there is no explanation in the complaint, let alone an actual theory presented, for how the defendant funds, which were seized from Claimant's apartment, are related to the only charges made against Claimant – *possession* of PCP.  Accordingly, the complaint has no basis in law or fact and must be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     Without waiving any defense asserted herein, to the extent that plaintiff seeks forfeiture of any property in which Claimant has an interest, Claimant is an innocent owner of said interest within the meaning of 18 U.S.C. § 983(d).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.     Without waiving any defense asserted herein, Claimant asserts that any interest he may have in any of the property sought to be forfeited is not subject to forfeiture in that his interest in such property is neither used in violation of, derived from, traceable to, or otherwise involved in, any "specified unlawful activity" or any other crime within the meaning of 18 U.S.C. § 1955, § 981(a)(1)©, 18 U.S.C. § 1956(c)(7), 18 U.S.C. § 1961(1)(b), or any other applicable federal or state statute.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.     Without waiving any defense asserted herein, Claimant asserts that any interest of Claimant's in property sought to be forfeited herein is not subject to forfeiture in that said forfeiture would be disproportionate to any alleged criminal activity within the meaning of 18 U.S.C. § 983(g) and would constitute an excessive fine under the Eighth Amendment of the United States Constitution. *See United States v. Bajakajian*, 524 U.S. 321 (1998).

## AS AND FOR A FIRST COUNTERCLAIM

27.     Claimant requests costs, pre- and post-judgment interest and

6

attorneys' fees pursuant to the Civil Asset Forfeiture Reform Act of 2000

("CAFRA"), Pub. L. 106-185, 106th Cong. (2000), 114 Stat. 211 (Apr. 25, 2000),

and the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").


28.   Claimant reserves the right to supplement the foregoing

responses in the event that additional information becomes available.


**WHEREFORE,** Claimant **RICKY J. TOWNS** prays this Honorable Court will:

1.   **DISMISS** Plaintiff's complaint and enter judgment on behalf of

Claimant, directing that Plaintiff take nothing in forfeiture by reason of this action,

directing that Plaintiff not be legally entitled to recover any property by reason of

forfeiture and directing the release and/or return of all property heretofore seized,

attached and/or restrained in which Claimant has an interest; and

2.   **AWARD** Claimant costs, pre- and post-judgment interest and

attorneys' fees pursuant to CAFRA and the EAJA; and

3.   **PROVIDE** such other and further relief, both legal and equitable, as

the Court deems just and proper.

Dated:      New York, New York
            July 2, 2013

Respectfully submitted,

**STEVEN L. KESSLER**
*Attorney for Claimant Ricky J. Towns*
100 Park Avenue
Thirty-Fourth Floor
New York, New York 10017-5516
(212) 661-1500

To:   Clerk of the Court
      U.S. District Court
      Southern District of New York

      Christine I. Magdo
      Assistant U.S. Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007

8

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

     I, **RICKY J. TOWNS,** declare under penalty of perjury that the

statements set forth in the attached Verified Answer are true and correct to the best

of my knowledge, information and belief.

**RICKY J. TOWNS**

Sworn to before me this
2nd day of July, 2013

Notary Public

STEVEN L. KESSLER
Notary Public, State of New York
No. 03-4688840
Qualified in Westchester County
Commission Expires February 28, 2014

9